IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD COLEMAN,

       Petitioner,                              No. CIV S-09-1987 GGH P

    vs.

JOHN HAVILAND, et al.,

       Respondents.                       ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties have consented to the jurisdiction of the undersigned. See court file documents 6, 9.

        Petitioner challenges his 2005 conviction for corporal injury on a child. He is serving a sentence of 18 years and 4 months. This action is proceeding on the original petition filed July 20, 2009, as to the following claims: 1) his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004) and Cunningham v. California, 549 U.S. 270 (2007); 2) the sentencing court failed to state its reasons for imposing consecutive sentences.

/////

/////

Pending before the court is respondent's September 28, 2009, motion to dismiss on grounds that this action is barred by the statute of limitations. For the following reasons, respondent's motion is granted.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In petitioner's state proceedings, on November 21, 2006, the California Court of Appeal ordered the trial court to prepare a corrected abstract of judgment and affirmed the judgment. Respondent's Lodged Document 2. Petitioner did not file a petition for review in the California Supreme Court. Under California law, petitioner's conviction became final on December 31, 2006, i.e. 40 days after the California Court of Appeal filed its opinion. See Cal. Rules of Court, Rule 8.264 (formerly Cal. Rules of Court, Rule 24), Cal. Rules of Court Rule 8.500 (formerly Cal. Rules of Court, Rule 28). Petitioner had one year from that date, i.e. until December 31, 2007, to file a timely petition. 28 U.S.C. § 2244(d)(1)(A). The instant action is not timely unless petitioner is entitled to statutory or equitable tolling.

\\\\\

28 U.S.C. § 2254(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

On May 29, 2007, petitioner filed a motion for sentence modification in the San Joaquin County Superior Court. Respondent's Lodged Document 4. On June 5, 2007, the Superior Court denied the motion without comment or citation. Id., no. 5. On July 10, 2007, petitioner filed a habeas corpus petition in the California Court of Appeal. Id., no. 6. On July 12, 2007, the California Court of Appeal denied this opinion. Id., no. 7. On June 16, 2008, petitioner filed a habeas corpus petition in the California Supreme Court. Id., no. 8. On December 17, 2008, the California Supreme Court denied this petition without comment or citation. Id., no. 9.

Respondent argues that petitioner is not entitled to statutory tolling for the time his motion for sentence modification was pending because it was not timely filed. Respondent argues that pursuant to Cal. Penal Code § 1170, the superior court may, within 120 days after the date of commitment, recall a sentence and commitment previously ordered and resentence the petitioner. After this time, the sentencing court is without jurisdiction to vacate or modify the sentence. Dix v. Superior Court, 53 Cal.3d 442, 464 (1991). Respondent argues that petitioner's motion for sentence modification was not properly filed because it was filed 120 days after the date of commitment.

The Supreme Court has held: "What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S.Ct. 1807, 1812 (2005). There is no doubt in this case that motion for sentence modification was not timely made. No tolling should be allowed as the motion for sentence modification was not properly filed.

1          Respondent also argues that petitioner is not entitled to statutory tolling for the
2   period of time between the denial of his petition by the California Court of Appeal and when he
3   filed his petition in the California Supreme Court.  In the absence of "clear direction or
4   explanation" from the state court indicating whether the state petition was timely, the federal
5   court "must itself examine the delay ... and determine what the state courts would have held in
6   respect to timeliness."  Evans v. Chavis, 546 U.S. 189, 197, 126 S.Ct. 846, 852 (2006).  In
7   Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under
8   California law.  Id. at 201, 126 S.Ct. at 854.  The Supreme Court stated, "Six months is far
9   longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an
10  appeal to the state supreme court."  Id., quoting Saffold, 536 U.S. at 219.

11         In the instant case, petitioner filed his habeas corpus petition in the California
12  Supreme Court approximately 11 months after the California Court of Appeal denied his habeas
13  petition.  Because of this delay, pursuant to Evans v. Chavis, petitioner is not entitled to gap
14  tolling between the time the California Court of Appeal denied his petition and when he filed his
15  petition in the California Supreme Court.  Petitioner is entitled to statutory tolling for the 184
16  days his petition was pending in the California Supreme Court.

17         As observed above, petitioner's motion for sentence modification was arguably
18  not properly filed if the Superior Court did not have jurisdiction to consider it.  However, the
19  instant action is not timely even if this motion were properly filed.  Assuming the motion for
20  sentence modification was timely, petitioner would be entitled to statutory tolling for 228 days,
21  i.e. the 184 days his petition was pending in the California Supreme Court and the 44 days his
22  motion and petition were pending in the Superior Court and California Court of Appeal (from
23  May 29, 2007, i.e. the date he filed his motion for sentence modification, to July 12, 2007, i.e. the
24  date the California Court of Appeal denied his habeas petition).  Adding 228 days to December
25  31, 2007, would make petitioner's federal petition due on August 15, 2008.  The instant action is
26  still not timely.

1      Petitioner does not argue that he is entitled to equitable tolling. However, in the
2 petition and opposition, petitioner argues that the statute of limitations is unconstitutional. The
3 Ninth Circuit has held that § 2244(d)(1) is not a per se violation of the Suspension Clause of the
4 constitution. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Green v. White, 223
5 F.3d 1001, 1004 (9th Cir. 2000).

6      Although not directly raised by petitioner, the court addresses the issue of whether
7 a later trigger date for the statute of limitations runs from the date Cunningham was decided
8 pursuant to 28 U.S.C. § 2244(d)(1)(C). In Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008) the
9 Ninth Circuit concluded that Cunningham did not announce a new rule:

> Apprendi, Blakely and Booker made "courts throughout the land' aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Citation omitted.] No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. Cunningham thus did not announce a new rule of constitutional law and may be applied retroactively on collateral review.

Butler, 528 F.3d at 639.

      In Butler, 528 F.3d at 634 n. 9, the Ninth Circuit identified the key question:

> Whether Butler asks us to apply to him a Supreme Court decision issued after his conviction became final, or to announce the very holding that the Supreme Court arrived at in a case decided after his conviction became final, we must determine whether the result he requests was "dictated" by precedent before his conviction was final. See Caspari v. Bohlen, 510 U.S. 383, 395-96, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)(determining whether the result that the petitioner was arguing for in his collateral review proceeding would require creation of a new rule in violation of Teague). The pivotal question is thus the same either way: did Apprendi, Blakely or Booker compel the conclusion that California's DSL law violates the Sixth Amendment?

      In Butler, the Ninth Circuit found that Cunningham was "clearly dictated by the
Supreme Court's Sixth Amendment case law, in particular Blakely ...". 528 F.3d at 628.
Pursuant to Butler, the statute of limitations for a Cunningham claim does not run from the date
on which Cunningham became final because the constitutional right was not "newly recognized"
by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

5

For the reasons discussed above, the undersigned finds that petitioner's application for a writ of habeas corpus is barred by the statute of limitations.

Accordingly, IT IS HEREBY ORDERED that respondent's September 28, 2009, motion to dismiss (no. 12 ) is granted, that the petition be dismissed, and judgment entered in favor of respondent.

DATED: 12/09/09

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

col1987.mtd